### STATE ex Froehlich & Emery Eng. Co. v. EVANS et.

Ohio Appeals, 6th Dist., Huron Co.
No. 228. Decided Nov. 14, 1927.
First Publication of This Opinion.

Syllabus by Editorial Staff.

**797. MUNICIPAL CORPORATIONS.**

Board of trustees of public affairs has, under its control, for disbursement, funds arising from sale of bond issue, which funds have been placed in its hands and under its control, by virtue of action of council. Clerk of Village has no power to issue an order against such funds, for withdrawal thereof, and council of village has not power to order him to do so.

In mandamus.
Writ denied.

Smith, Beckwith, Ohlinger & Froehlich, Toledo, for State ex.
G. Ray Craig, Norwalk, and L. S. Wise, Willard, for Evans, et.

### STATEMENT OF FACTS.

This is an action in mandamus in which the relator prays for a writ of mandamus commanding the Clerk of the Village of Willard, Ohio, to issue an order or warrant to relator

in the sum of $1,500 in payment of services of consulting engineers in making a preliminary survey of the plant and requirements of the Village for water and electricity with reference to enlarging the combined electric light and water works plant, and to compel the village treasurer to honor and pay the order or warrant.

It appears from the pleadings and agreed statement of facts that the services of the consulting engineers of relator were rendered without any written contract with the village; that after they had been rendered, the council passed a resolution providing for the submission to the electors of the village of the proposition of issuing bonds in the amount of $62,-000 for constructing an addition to the building housing the combined electric light and waterworks plant of the village and for purchasing material for extending the water mains and enlarging the plant and paying the cost of all necessary surveys, etc. The bond issue carried, the bonds were sold and the money received therefor was placed in the water and light fund of the village. Thereafter an ordinance was passed providing for the payment of the claim of relator, amounting to $1,500. This ordinance recited that the employment of relator to make the survey had been made, that the village had no funds to pay the company said amount and that the amount of the expense of the survey referred to was included in the estimate for such bond issue. It also contained the following:

"Now therefore, be it ordained by the council of the village of Willard, State of Ohio: Section 1. That said sum of $1,500 be appropriated out of the water and light fund to pay said The Froehlich and Emery Engineering Co., and that the village clerk be authorized and directed to issue to said company a voucher for said sum of $1,500 to be paid out of the water and light fund."

The clerk refused to issue the order or warrant and the writ of mandamus is sought to compel the clerk to issue it and the treasurer to honor it.

WILLIAMS, J.

"We are of the opinion that the rights of the parties to this action are regulated by the following provisions of the General Statutes: Section 4361; Section 3960; Section 3961 and Section 4334.

Under Section 4361 the board of trustees of public affairs of villages has the same powers and duties as the director of public service of cities, as is provided in Sects. 3960, 3961 and 4334, above mentioned. Under Section 3960, money collected for waterworks purposes is required to be deposited weekly with the treasurer of the corporation and kept in a distinct fund, and when appropriated by council it can only be paid out by a village upon the order of the board of trustees of public affairs, who shall sign all orders drawn on the treasurer of the corporation against such fund.

Under Section 3961, subject to the provisions of the title in which it is found, the director of public service of a city, or the board of trustees of public affairs in the case of a village, "may make contracts for the building of waterworks buildings and the enlargement and repair thereof and the laying down of pipe and all other purposes within those specifically enumerated, necessary for the full and efficient management and construction of waterworks."

The word "may," when used in statutes which confer powers upon public officers of official boards, is construed to be the equivalent of "shall" or "must," where the public has an interest in the exercise of the powers conferred. State ex Heyers v. Board of Education, 95 OS. 367. We are of the opinion that it should be given the construction of "shall" or "must" in this section.

Section 4334 relates to the making of contracts and provides, when construed with Sect. 4361, that no liability shall be created against the city as to any matters under the supervision of the board of trustees of public affairs except by its express authority.

Sections 3960, 3961 and 4334 are made applicable to an electric light plant as well as a water plant by the provisions of Sect. 4361.

Moneys raised by the sale of bonds for the improvement of a waterworks and electric light plant which had been in existence and operation for some years, are under control of the trustees of the board of trustees of public affairs and are to be paid out on the order of such board. State ex Pebbles v. Griffin, Treas. 4 C. C. 156, affirmed by the Supreme Court of Ohio, 21 O. L. B. 243.

The board of trustees of public affairs, therefore, had, under its control for disbursement, the funds arising from a sale of the bond issue, which funds had already been placed in its hands and under its control by virtue of the action of the council. The clerk of the Village had no power to issue an order against such funds for the withdrawal thereof, and the council of the village had no power to order him to do so.

The peremptory writ of mandamus will therefore be refused and the petition dismissed."

(Richards and Lloyd, JJ., concur.)